# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 1:19-CV-1040** |
| | : | |
| **Plaintiff,** | : | **MAGISTRATE JUDGE BOWMAN** |
| | : | |
| **v.** | : | |
| | : | |
| **FIFTEEN THOUSAND NINETY-FIVE** | : | |
| **AND 00/100 DOLLARS ($15,095.00) IN** | : | |
| **UNITED STATES CURRENCY,** | : | |
| | : | |
| **Defendant.** | : | |

## JUDGMENT AND DECREE OF FORFEITURE

This matter comes before the Court on the United States' Motion for Judgment and Decree of Forfeiture (Doc. 22). The instant motion seeks a judgment, pursuant to Rule 54 of the Federal Rules of Civil Procedure, against Giovanni Crawford for any interest he may have in $10,095.00 of the defendant, and a decree of forfeiture, pursuant to 21 U.S.C. § 881(a)(6), against the property. After a thorough review of the record, the Court finds the following.

The United States filed a Verified Complaint for Forfeiture on December 9, 2019. (Doc. 1.) This is a civil forfeiture action *in rem* brought against Fifteen Thousand Ninety-Five and 00/100 Dollars ($15,095.00) in United States Currency (the "defendant"). (*Id.*) Michael R. Nimmo, who is a Special Agent with Homeland Security Investigations, verified the complaint. (*Id.*)

The complaint alleges that the defendant is subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such

offense in violation of 21 U.S.C. § 846.  (*Id*.)

A Warrant of Arrest *In Rem*, issued by the Court on January 7, 2020, directed the United States Department of Homeland Security, United States Customs and Border Protection, or their delegate(s) to arrest the defendant.  (Doc. 2.)  In accordance with the warrant, the United States arrested the defendant, bringing it within the jurisdiction of the Court.  (Doc. 4.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."  The direct notice instructs the potential claimant or the potential claimant's attorney of the following:  1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer.  Supplemental Rule G(4)(b)(ii).  "The notice must be sent by means reasonably calculated to reach the potential claimant."  Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States represents that it sent direct notice of this action with a copy of the complaint to all known potential claimants.  On January 10, 2020, the United States sent direct notices and copies of the complaint to potential claimants Giovanni Crawford; Adrien Broner c/o William Welsh, Esq.; Adrien Broner Enterprises, LLC, c/o Dorothy Broner, statutory agent; and EAN Holdings, LLC, dba Enterprise Rent-A-Car.  (Doc. 10.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, www.forfeiture.gov, beginning on January 8, 2020, for 30 consecutive days. (Doc. 9.)

On February 14, 2020, Giovanni Crawford filed a Claim asserting an interest in the defendant. (Doc. 3.) On March 16, 2020, Giovanni Crawford filed an Answer to the Complaint. (Doc. 6.)

On or about January 19, 2021, the United States and Giovanni Crawford entered into a Settlement Agreement (Doc. 20) in which the parties agreed, as to the defendant:

a) That the United States shall release a total of $5,000.00 to Giovanni Crawford in full settlement and satisfaction of his claim to the defendant; and

b) That Giovanni Crawford withdraws his claim to the remaining balance of the defendant, and more specifically, $10,095.00, and agrees to the entry of a Judgment and Decree of Forfeiture, forfeiting all of his right, title, and interest in the $10,095.00 in United States Currency to the United States in accordance with 21 U.S.C. § 881(a)(6).

Adrien Broner; Adrien Broner Enterprises, LLC; and EAN Holdings, LLC, dba Enterprise Rent-A-Car did not file a claim or request an extension of the filing deadline. Accordingly, on January 21, 2021, the Clerk of this Court entered a default against Adrien Broner; Adrien Broner Enterprises, LLC; and EAN Holdings, LLC, dba Enterprise Rent-A-Car for failure to plead or otherwise defend as required by law. (Doc. 18.)

On February 17, 2021, the Court entered a Default Judgment against Adrien Broner; Adrien Broner Enterprises, LLC; EAN Holdings, LLC, dba Enterprise Rent-A-Car; and all other persons and entities except for Giovanni Crawford for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions. (Doc. 21.)

NOW THEREFORE, based upon the above findings, and the Court being otherwise fully advised in the matter, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.     All right, title, and interest in the $10,095.00 in United States Currency is hereby CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6);

2.     In accordance with Rule 54 of the Federal Rules of Civil Procedure, judgment is hereby entered against Giovanni Crawford for any interest he may have in the $10,095.00 in United States Currency;

3.     All right, title, and interest in the $10,095.00 in United States Currency is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

4.     The United States or an authorized agent thereof shall dispose of the $10,095.00 in United States Currency in accordance with the law; and

5.     The United States shall return $5,000.00 to Giovanni Crawford in accordance with the Settlement Agreement (Doc. 20).

**IT IS SO ORDERED.**

_____
**Mar 18, 2021**
DATE

_Stephanie K. Bowman_
_____
Stephanie K. Bowman
UNITED STATES MAGISTRATE JUDGE